IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

NATHANIEL R. WAMSLEY,
**Claimant Below, Petitioner**

**FILED**
**February 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 22-ICA-205   (JCN: 2022005199)**

**WEST VIRGINIA DIVISION OF NATURAL RESOURCES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nathaniel Wamsley appeals the September 27, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Division of Natural Resources ("DNR") filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order rejecting the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wamsley did not sign or date the Employees' and Physicians' Report of Occupational Injury or Disease ("WC-1 form") that he filed for this claim. The employee's section of the form reported that he received a back and hip injury on September 13, 2021, after he bent over and a supervisor pulled him up. Mr. Wamsley was seen in the emergency department at Davis Medical Center on September 13, 2021, where John Logar, M.D., examined him and completed the physician's section of the WC-1 form, indicating that Mr. Wamsley suffered strains to his low back and wrists as the result of an occupational injury. According to Dr. Logar's treatment notes, Mr. Wamsley reported low back pain and bilateral wrist pain which began on the same day with a gradual onset. Dr. Logar reported that Mr. Wamsley claimed that he was lifting heavy objects at work. X-rays of Mr. Wamsley's pelvis, lumbosacral spine, and both wrists, revealed no abnormality.

On September 13, 2021, Kenneth Wilson, who was listed on the WC-1 form as Mr. Wamsley's supervisor, completed an incident report in which he explained that Mr. Wamsley injured his back while picking up dead fish at the fish hatchery. In other incident

---

[1] Petitioner is represented by J. Thomas Greene, Jr., Esq. and T. Colin Greene, Esq. Respondent is represented by Steven K. Wellman, Esq. and James W. Heslep, Esq.

reports dated September 13, 2021, coworkers David Lombardi, Ryan Coffman, Peyton Mullenax, and Jason Shahan described what they witnessed on the date of the alleged injury. In general, the coworkers reported that they witnessed Mr. Wamsley picking up dead fish, then walking away, sitting down, then lying down in the roadway. In one report, an unidentified individual explained that as he and "Wilson" assisted Mr. Wamsley to his feet, Mr. Wamsley yelled that he was now in more pain.

On September 22, 2021, Deborah Ransbottom, NP, treated Mr. Wamsley for injuries to his thoracic spine, hips, and wrists. Mr. Wamsley alleged that he sat down after experiencing popping in his back while raking dead fish at work. According to Nurse Ransbottom, Mr. Wamsley reported that his "boss 'roughed him up' by getting his right wrist and pulling him to a standing position" resulting in bruises on his left buttock and right hip. In her notes, Nurse Ransbottom indicated that the bruising she observed was not consistent with Mr. Wamsley's story.

By order dated September 29, 2021, the claim administrator rejected Mr. Wamsley's workers' compensation claim because there were sufficient inconsistencies and contradictions to conclude that he was not injured in the course of and as a result of his employment. Mr. Wamsley protested the order.

Mr. Wamsley testified at a deposition on February 21, 2022, that on September 13, 2021, while he was performing his work for DNR at a fish hatchery, he bent over to pick up dead fish and felt a spasm or tightness in his mid-back, so he walked away, sat down, and then laid down. According to his testimony, Mr. Wamsley was scooping up the fish individually as he kept count of them. The scoop was not heavy and only weighed a few pounds even when combined with a fish. Mr. Wamsley contended that his supervisor, Kenneth Wilson, and a coworker, David Lombardi, jerked him up from the ground and injured his right hip, right wrist, and back. In his testimony, Mr. Wamsley contended that he did not have any back or hip problems until the injury occurred. On cross-examination, Mr. Wamsley admitted that his workplace had given him written warnings and he was placed on a performance improvement plan at work after the injury. When asked about a performance improvement plan dated September 1, 2021, Mr. Wamsley contended that it was not presented to him until he returned to work following the injury.

On September 27, 2022, the Board affirmed the claim administrator's order dated September 29, 2021. The Board determined that medical evidence contradicted Mr. Wamsley's testimony that he did not have prior problems in his back and hip. Also, the Board noted that Nurse Ransbottom did not find Mr. Wamsley's bruising to be consistent with his story. The Board found too many discrepancies in the evidence presented to

support the credibility of Mr. Wamsley's application and the compensability of the claim.[2] It is from the Board's order that Mr. Wamsley now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, ____ W. Va. ____, ____, ____ S.E. 2d ____, ____, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Mr. Wamsley argues that the Board's order affirming the rejection of the claim was clearly wrong in light of the reliable, probative, and substantial evidence on the whole record.[3] Mr. Wamsley asserts that he sustained injuries to his low back, thoracic region, wrists, and hips in the course of and resulting from his employment with DNR on September 13, 2021. Initially, Mr. Wamsley alleges that his back "popped" while he was removing dead fish from troughs at a DNR fish hatchery. Then, Mr. Wamsley contends that he sat down to ease his pain and that coworkers lifted him too quickly, causing him additional pain in his hip and wrists. Mr. Wamsley argues that Nurse Ransbottom took him off work and diagnosed myalgia and low back pain, and that the claim administrator wrongly rejected his claim. Acknowledging that there could be some factual variations in the record about the mechanism of injury, Mr. Wamsley contends that all of his direct statements about the injury are "quite similar," whereas any discrepancies were caused by

---

[2] The Board's order of September 27, 2022, failed to report the reason or basis given by the claim administrator to explain why the claim was rejected. West Virginia Code § 23-5-1a (2022) requires the claim administrator's orders to include the basis for its actions. We strongly urge the Board to provide this information in its future decisions.

[3] Mr. Wamsley does not set out a specific assignment of error in his brief.

3

medical providers who interpreted the events. Finally, Mr. Wamsley asserts that he was working full duty on September 13, 2021, without symptoms or limitations until he developed pain in the course of and resulting from his employment. Mr. Wamsley notes that after receiving medical attention he was taken off work and referred to physical therapy.

Workers' compensation benefits are provided to employees who receive an injury in the course of and as a result of their covered employment pursuant to West Virginia Code § 23-4-1 (2021). After review, we conclude that the Board was not clearly wrong in its finding that Mr. Wamsley did not prove he suffered an injury in the course of and resulting from his employment with DNR. The discrepancies in the descriptions given by Mr. Wamsley regarding how the injury occurred and even the body parts alleged to have been injured do not support the compensability of an injury in this case.

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating

4